FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★  AUG 0 8 2018  ★

BROOKLYN OFFICE

WK:WPC/TAW/RK/JSY
F. # 2018R01099

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

QI FENG LIANG,
    also known as "Alex," "Qifeng,"
    "Kevin," "Mike Sotire," "Jay
    Kim," "Peter Wong," "Kelvin
    Wong" and "Alex Wong,"
WO QI LIU,
    also known as "Louis," "Qi,"
    "Woqi," "Gordon," "Jimmy"
    and "Big Elephant,"
ZHI MING ZHANG,
    also known as "Jordan,"
    "Zhiming," "Ming," "Ken,"
    "Four B" and "SiGe,"
JOSSTINA LIN,
    also known as "Cui Xia" and
    "Tina," and
XUE WEI QU,
    also known as "Xue Wei Jiang,"

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. **CR 18 - 00419**
(T. 18, U.S.C., §§ 371, 545, 982(a)(1),
982(a)(2), 982(b)(1), 1956(h),
2320(a), 2320(a)(1), 2320(b)(1)(A),
2323(b)(1), 2323(b)(2), 2 and 3551
et seq.; T. 21, U.S.C., § 853(p))

KUNTZ, J.

POLLAK, M.J.

THE GRAND JURY CHARGES:

INTRODUCTION

    At all times relevant to this Indictment, unless otherwise indicated:

I.    The Trademark Counterfeiting Act of 1984

        1.    The Trademark Counterfeiting Act of 1984, as amended, criminalized

trafficking in counterfeit goods.    Pursuant to Title 18, United States Code, Section

2320(a)(1), it was a crime to intentionally traffic in goods and knowingly use a counterfeit

mark in connection with such goods.    Pursuant to Title 18, United States Code, Section

2320(a)(2), it was a crime to intentionally traffic in "labels, . . . emblems, medallions, . . . or

packaging of any type or nature, knowing that a counterfeit mark [had] been applied thereto,

the use of which was likely to cause confusion, to cause mistake, or to deceive."    Pursuant

to Title 15, United States Code, Section 1127, a "mark" included "any trademark."

       2.     Pursuant to Title 15, United States Code, Section 1127, a trademark

included "any word, name, symbol, or device, or any combination thereof . . . used by a

person . . . to identify and distinguish his or her goods . . . from those manufactured or sold

by others and to indicate the source of the goods."

       3.     Pursuant to Title 18, United States Code, Section 2320(f)(1)(A), a

"counterfeit mark" was a "spurious" mark:

       (a)     that was used in connection with trafficking in any goods,

labels, emblems or packaging of any type or nature;

       (b)     that was identical with, or substantially indistinguishable from, a

mark registered on the principal register in the United States Patent and Trademark Office

("USPTO"), and in use;

       (c)     that was applied to or used in connection with the goods for

which the mark was registered with the USPTO; and

       (d)     the use of which was likely to cause confusion, to cause

mistake, or to deceive.

4.      Pursuant to Title 18, United States Code, Section 2320(f)(5), the term "traffic" meant "to transport, transfer, or otherwise dispose of, to another, for purposes of commercial advantage or private financial gain, or to make, import, export, obtain control of, or possess, with intent to so transport, transfer, or otherwise dispose of."

II.      The Rights Holders

5.      The following companies (the "Rights Holders") owned trademarks, including the ones described below (collectively, the "Trademarks"):

(a)      Louis Vuitton Malletier Corp. owned a "Louis Vuitton" word mark, which was registered on the principal register of the USPTO under registration number 1045932, and an "LV" word mark, which was registered on the principal register of the USPTO under registration number 1519828;

(b)      Michael Kors LLC owned "Michael Kors" word marks, which were registered on the principal register of the USPTO under registration numbers 2520757 and 2049326;

(c)      Gucci America, Inc. owned "GG" word marks, which were registered on the principal register of the USPTO under registration numbers 3470140, 1107311 and 3376129; and

(d)      Coach IP Holdings LLC owned a "Coach" word mark, which was registered on the principal register of the USPTO under registration number 1071000.

6.      The Rights Holders registered the Trademarks for use on handbags, wallets and other apparel and merchandise.   The Rights Holders marked their goods with the Trademarks to distinguish them from their competitors' products and to assure the public

4

of their quality.    At no time did any of the Rights Holders authorize, ratify or acquiesce to

the use of the Trademarks by the participants in the scheme described below.

III.     The Defendants

7.      The defendant QI FENG LIANG, also known as "Alex," "Qifeng,"

"Kevin," "Mike Sotire," "Jay Kim," "Peter Wong," "Kelvin Wong" and "Alex Wong," was a

resident of Brooklyn, New York.    LIANG imported goods that bore counterfeit trademarks

("Counterfeit Goods").

8.      The defendant WO QI LIU, also known as "Louis," "Qi," "Woqi,"

"Gordon," "Jimmy" and "Big Elephant," was a resident of Brooklyn, New York.    LIU

imported Counterfeit Goods and was an associate of the defendants QI FENG LIANG and

ZHI MING ZHANG.

9.      The defendant ZHI MING ZHANG, also known as "Jordan,"

"Zhiming," "Ming," "Ken," "Four B" and "SiGe," was a resident of Staten Island, New

York.    ZHANG imported Counterfeit Goods and was the brother-in-law of the defendant QI

FENG LIANG.

10.     The defendant JOSSTINA LIN, also known as "Cui Xia" and "Tina,"

was a resident of Brooklyn, New York.    LIN distributed Counterfeit Goods.

11.     The defendant XUE WEI QU, also known as "Xue Wei Jiang," was a

resident of Queens, New York.    QU distributed Counterfeit Goods and was an associate of

the defendant JOSSTINA LIN.

IV.    The Counterfeit Goods Scheme

12.    In or about and between April 2011 and December 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants QI FENG LIANG, ZHI MING ZHANG, WO QI LIU, JOSSTINA LIN and XUE WEI QU, together with others, participated in an international scheme to traffic Counterfeit Goods for financial gain.

13.    The defendants QI FENG LIANG, ZHI MING ZHANG and WO QI LIU (together the "Container Importers") arranged for the importation of Counterfeit Goods from China inside of 40-foot shipping containers transported by ocean-going vessels into the Port of New York and New Jersey (the "Port"), using false and fraudulent paperwork (the "Customs Paperwork") submitted to U.S. Customs and Border Protection ("CBP").    The Container Importers assumed the identities of legitimate importation companies, and then used information for those companies on the Customs Paperwork in order to deceive CBP when importing containers filled with Counterfeit Goods.    The Container Importers also provided false descriptions of the contents of containers filled with Counterfeit Goods on the Customs Paperwork.

14.    The Container Importers used customs brokers to facilitate the importation of the shipping containers containing Counterfeit Goods.    Customs brokers were licensed and regulated by CBP and served as authorized representatives for importers of record.    The Container Importers provided customs brokers with, among other things, a consignee company name and contact information for each container.    The phone numbers and email addresses that the Container Importers provided to the customs brokers, however,

did not belong to the listed consignee companies.    Rather, the Container Importers provided false phone numbers and email accounts to conceal their true identities.

15.    Once released from the Port, the shipping containers containing Counterfeit Goods were trucked to various self-storage facilities in Brooklyn, Queens and Long Island, where the boxes were unloaded and stored.    Wholesale distributors, including the defendants JOSSTINA LIN and XUE WEI QU (together, the "Wholesale Distributors"), managed the receipt, storage and distribution of the Counterfeit Goods.

16.    The Wholesale Distributors sold Counterfeit Goods to other distributors in New York, California and elsewhere by either "cash-on-delivery" or by credit.    The Wholesale Distributors also mailed boxes of Counterfeit Goods to retail sellers ("Retailers") through operators of private shipping businesses ("Domestic Shippers").

17.    After selling Counterfeit Goods to consumers, the Retailers either remitted or mailed payment to the Domestic Shippers, who, in turn, disbursed those payments to the Wholesale Distributors.

18.    The Retailers generally paid for the Counterfeit Goods using money orders in which the payee was specified as "CA" or "ASH," or in which no payee was provided at all.    One or more participants in the scheme later converted the letters "CA" or "ASH" into the word "CASH," and deposited the money orders into bank accounts.

COUNT ONE
(Conspiracy to Traffic in Counterfeit Goods)

19.    The allegations contained in paragraphs one through 18 are realleged and incorporated as if fully set forth in this paragraph.

20.    In or about and between April 2011 and December 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants QI FENG LIANG, also known as "Alex," "Qifeng," "Kevin," "Mike Sotire," "Jay Kim," "Peter Wong," "Kelvin Wong" and "Alex Wong," WO QI LIU, also known as "Louis," "Qi," "Woqi," "Gordon," "Jimmy" and "Big Elephant," ZHI MING ZHANG, also known as "Jordan," "Zhiming," "Ming," "Ken," "Four B" and "SiGe," JOSSTINA LIN, also known as "Cui Xia" and "Tina," and XUE WEI QU, also known as "Xue Wei Jiang," together with others, did knowingly and intentionally conspire to traffic in goods, to wit: handbags, wallets, belts, scarves and other merchandise, and to use one or more counterfeit marks on and in connection with such goods, contrary to Title 18, United States Code, Section 2320(a)(1).

(Title 18, United States Code, Sections 2320(a), 2320(b)(1)(A) and 3551 et seq.)

## COUNT TWO
(Conspiracy to Smuggle Goods into the United States)

21.    The allegations contained in paragraphs one through 18 are realleged and incorporated as if fully set forth in this paragraph.

22.    In or about and between April 2011 and December 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants QI FENG LIANG, also known as "Alex," "Qifeng," "Kevin," "Mike Sotire," "Jay Kim," "Peter Wong," "Kelvin Wong" and "Alex Wong," WO QI LIU, also known as "Louis," "Qi," "Woqi," "Gordon," "Jimmy" and "Big Elephant," ZHI MING ZHANG, also

known as "Jordan," "Zhiming," "Ming," "Ken," "Four B" and "SiGe," JOSSTINA LIN, also

known as "Cui Xia" and "Tina," and XUE WEI QU, also known as "Xue Wei Jiang,"

together with others, did knowingly and willfully conspire to import and bring into the

United States merchandise contrary to law, to wit: goods that they, together with others,

conspired to traffic using counterfeit marks, contrary to Title 18, United States Code, Section

2320(a), and to receive, conceal and sell such merchandise after importation, knowing the same

to have been imported and brought into the United States contrary to law, all contrary to Title 18,

United States Code, Section 545.

23.    In furtherance of the conspiracy and to effect its objects, within the

Eastern District of New York and elsewhere, the defendants QI FENG LIANG, also known as

"Alex," "Qifeng," "Kevin," "Mike Sotire," "Jay Kim," "Peter Wong," "Kelvin Wong" and

"Alex Wong," WO QI LIU, also known as "Louis," "Qi," "Woqi," "Gordon," "Jimmy" and

"Big Elephant," ZHI MING ZHANG, also known as "Jordan," "Zhiming," "Ming," "Ken,"

"Four B" and "SiGe," JOSSTINA LIN, also known as "Cui Xia" and "Tina," and XUE WEI

QU, also known as "Xue Wei Jiang," together with others, did commit and cause the

commission of, among others, the following:

### Overt Acts

(a)    On or about February 9, 2012, the defendant QI FENG LIANG

caused the importation of shipping container no. HJCU1308388 (consigned to Company 1,

an entity known to the Grand Jury), which contained counterfeit Louis Vuitton handbags and

other items, from China to the United States.

(b)    On or about June 5, 2012, the defendant QI FENG LIANG caused the transportation of shipping container no. KKFU7279976 (consigned to Company 2, an entity known to the Grand Jury), which contained counterfeit Coach handbags, from New Jersey into the Eastern District of New York.

(c)    On or about June 6, 2012, the defendant QI FENG LIANG caused the transportation of shipping container no. KKFU7479423 (consigned to Company 2), which contained counterfeit Coach handbags, from New Jersey into the Eastern District of New York.

(d)    On or about June 8, 2012, within the Eastern District of New York, the defendant JOSSTINA LIN directed the unloading of Counterfeit Goods from shipping container no. KKFU7279976.

(e)    On or about June 8, 2012, within the Eastern District of New York, the defendant XUE WEI QU assisted the defendant JOSSTINA LIN in the distribution of Counterfeit Goods from shipping container no. KKFU7279976.

(f)    On or about June 23, 2012, the defendant QI FENG LIANG caused the transportation of shipping container no. HJCU1115178 (consigned to Company 2), which contained counterfeit Louis Vuitton handbags, from New Jersey into the Eastern District of New York.

(g)    On or about August 9, 2012, the defendant QI FENG LIANG caused the transportation of shipping container no. MEDU8119154 (consigned to Company 3, an entity known to the Grand Jury), which contained counterfeit Louis Vuitton handbags, from New Jersey into the Eastern District of New York.

      (h)     On or about August 10, 2012, the defendant QI FENG LIANG caused the transportation of shipping container no. MSCU7166849 (consigned to Company 3), which contained counterfeit Gucci belts, Louis Vuitton handbags and other items, from New Jersey into the Eastern District of New York.

      (i)     On or about August 19, 2012, the defendant ZHI MING ZHANG caused the importation of shipping container no. TRLU8118980 (consigned to Company 2), which contained counterfeit Michael Kors handbags, Gucci belts and other items, from China to the United States.

      (j)     On or about August 30, 2012, the defendant ZHI MING ZHANG caused the importation of shipping container no. HJCU1466017 (consigned to Company 2), which contained counterfeit Louis Vuitton handbags and other items, from China to the United States.

      (k)     On or about June 23, 2013, the defendant QI FENG LIANG caused the importation of shipping container no. KKFU7442580 (consigned to Company 4, an entity known to the Grand Jury), which contained counterfeit Coach handbags and other items, from China to the United States.

      (l)     On or about August 30, 2013, the defendant QI FENG LIANG caused the transportation of shipping container no. KKFU7628722 (consigned to Company 5, an entity known to the Grand Jury), which contained counterfeit Louis Vuitton handbags, from New Jersey into the Eastern District of New York.

(m)     On or about August 31, 2013, within the Eastern District of New York, the defendant JOSSTINA LIN directed the unloading of Counterfeit Goods from shipping container no. KKFU7628722.

(n)     On or about August 31, 2013, within the Eastern District of New York, the defendant XUE WEI QU assisted the defendant JOSSTINA LIN in the distribution of Counterfeit Goods from shipping container no. KKFU7628722.

(o)     On or about October 22, 2013, the defendant QI FENG LIANG caused the importation of shipping container no. TRLU5746221 (consigned to Company 5), which contained counterfeit Gucci bags and other items, from China to the United States.

(p)     On or about May 24, 2014, the defendant WO QI LIU caused the importation of shipping container no. KKFU7489210 (consigned to Company 6, an entity known to the Grand Jury), which contained counterfeit Gucci handbags, wallets, belts and other items, from China to the United States.

(q)     On or about June 1, 2014, the defendant QI FENG LIANG caused the importation of shipping container no. TCNU6814078 (consigned to Company 7, an entity known to the Grand Jury), which contained counterfeit Michael Kors sandals, from China to the United States.

(r)     On or about June 16, 2014, the defendant WO QI LIU caused the importation of shipping container no. KKFU7816972 (consigned to Company 6), which contained counterfeit Michael Kors sandals, from China to the United States.

(s)     On or about June 23, 2014, the defendant QI FENG LIANG caused the importation of shipping container no. KKFU7397520 (consigned to Company 7),

which contained counterfeit Louis Vuitton tote bags and other items, from China to the United States.

(t)     On or about March 19, 2015, within the Eastern District of New York, the defendant JOSSTINA LIN sold thousands of dollars' worth of counterfeit Louis Vuitton handbags to Individual 1, an individual whose identity is known to the Grand Jury.

(u)     On or about March 26, 2015, within the Eastern District of New York, the defendant JOSSTINA LIN accepted payment of approximately $10,735 in money orders, including money orders made payable to "ASH," for the sale of Counterfeit Goods.

(v)     On or about April 9, 2015, within the Eastern District of New York, the defendant JOSSTINA LIN accepted payment of approximately $10,981 in money orders, including money orders made payable to "ASH," for the sale of Counterfeit Goods.

(w)     On or about June 1, 2016, within the Eastern District of New York, the defendant WO QI LIU recruited Individual 2, an individual whose identity is known to the Grand Jury, to help import shipping container no. MRKU6184090 from China, which was to contain Counterfeit Goods.

(x)     On or about November 21, 2016, the defendant ZHI MING ZHANG caused the importation of shipping container no. TCNU5745922 (consigned to Company 8, an entity known to the Grand Jury), which contained counterfeit Louis Vuitton handbags, from China to the United States.

(y)     On or about December 12, 2016, the defendant ZHI MING ZHANG caused the importation of shipping container no. CCLU7245732 (consigned to Company 8), which contained counterfeit Louis Vuitton handbags, from China to the United States.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT THREE
### (Money Laundering Conspiracy)

24.     The allegations contained in paragraphs one through 18 are realleged and incorporated as if fully set forth in this paragraph.

25.     In or about and between February 2012 and June 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSSTINA LIN, also known as "Cui Xia" and "Tina," together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate commerce, specifically, the interstate transfer of money by money order, which transactions in fact involved the proceeds of specified unlawful activity, to wit: trafficking in counterfeit goods, in violation of Title 18, United States Code, Section 2320(a), knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity and that the financial transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT FOUR
(Smuggling Goods into the United States)

26.    The allegations contained in paragraphs one through 18 are realleged
and incorporated as if fully set forth in this paragraph.

27.    On or about August 31, 2013, within the Eastern District of New York
and elsewhere, the defendants QI FENG LIANG, also known as "Alex," "Qifeng," "Kevin,"
"Mike Sotire," "Jay Kim," "Peter Wong," "Kelvin Wong" and "Alex Wong," and
JOSSTINA LIN, also known as "Cui Xia" and "Tina," together with others, did knowingly
and willfully, and with intent to defraud the United States, smuggle and clandestinely
introduce, and attempt to smuggle and clandestinely introduce, into the United States
merchandise, to wit: counterfeit Louis Vuitton handbags contained in shipping container no.
KKFU7628722, which should have been invoiced, and make out and pass, and attempt to
pass, through the customhouse one or more false, forged and fraudulent invoices, and one or
more other documents and papers.

(Title 18, United States Code, Sections 545, 2 and 3551 et seq.)

## COUNTS FIVE AND SIX
(Attempt to Smuggle Goods Into The United States)

28.    The allegations contained in paragraphs one through 18 are realleged
and incorporated as if fully set forth in this paragraph.

29.    On or about the approximate dates set forth below, within the Eastern
District of New York and elsewhere, the defendants specified below, together with others,
did knowingly and willfully, and with intent to defraud the United States, attempt to smuggle
and clandestinely introduce into the United States merchandise, to wit: the merchandise

15

contained in the shipping containers identified below, which should have been invoiced, and attempt to pass through the customhouse one or more false, forged and fraudulent invoices, and one or more other documents and papers:

| COUNT | DATE | DEFENDANT | DESCRIPTION |
|-------|------|-----------|-------------|
| FIVE | May 24, 2014 | WO QI LIU | Counterfeit Gucci bags contained in shipping container no. KKFU7489210 |
| SIX | November 21, 2016 | ZHI MING ZHANG | Counterfeit Louis Vuitton handbags contained in shipping container no. TCNU5745922 |

(Title 18, United States Code, Sections 545, 2 and 3551 et seq.)

## COUNT SEVEN
(Trafficking In Counterfeit Goods)

30.    The allegations contained in paragraphs one through 18 are realleged and incorporated as if fully set forth in this paragraph.

31.    On or about March 19, 2015, within the Eastern District of New York and elsewhere, the defendant JOSSTINA LIN, also known as "Cui Xia" and "Tina," together with others, did knowingly and intentionally traffic and attempt to traffic in goods, to wit: counterfeit Louis Vuitton handbags, and did knowingly use one or more counterfeit marks on and in connection with such goods.

(Title 18, United States Code, Sections 2320(a), 2320(a)(1), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS ONE AND SEVEN

32.    The United States hereby gives notice to the defendants charged in Counts One and Seven that, upon their conviction of such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2323(b)(1) of (a) any article, the making or trafficking of which is prohibited under Title 18, United States Code, Section 2320; (b) any property used, or intended to be used, in any manner or part, to commit or facilitate the commission of such offenses; and (c) any property constituting, or derived from, any proceeds obtained directly or indirectly as a result of such offenses, including, but not limited to:

(a)    the real property and premises known as 2115 62nd Street, Brooklyn, New York 11204, title to which is held in the name of the defendant ZHI MING ZHANG and/or a straw owner or nominee, and all proceeds traceable thereto;

(b)    the real property and premises known as 415 Bartlett Avenue, Staten Island, New York 10312, title to which is held in the name of the defendant ZHI MING ZHANG and/or a straw owner or nominee, and all proceeds traceable thereto;

(c)    the real property and premises known as 823 56th Street, Brooklyn, New York 11220, condominium units/lots 1001, 1004, 1005 and 1006, title to which is held in the name of the defendant WO QI LIU and/or his entities GL & Liu Corp. and/or GL 823 Condominium, and all proceeds traceable thereto;

(d)    the real property and premises known as 953 68th Street, Brooklyn, New York 11219, title to which is held in the name of the defendant WO QI LIU and/or a straw owner or nominee, and all proceeds traceable thereto;

(e)    the real property and premises known as 323 49th Street, Brooklyn, New York 11220, title to which is held in the name of the defendant JOSSTINA LIN and/or her entity 323 Luo's Property, LLC, and all proceeds traceable thereto;

(f)    the real property and premises known as 1762 76th Street, Brooklyn, New York 11214, title to which is held in the name of the defendant JOSSTINA LIN and/or her entity 1762 Luo's Realty, LLC, and all proceeds traceable thereto; and

(g)    the real property and premises known as 521 45th Street, Brooklyn, New York 11220, title to which is held in the name of the defendant JOSSTINA LIN, and/or her entity 521 Luo's Realty, LLC, and all proceeds traceable thereto (collectively, the "Forfeitable Real Property").

33.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

18

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

as incorporated by Title 18, United States Code, Section 2323(b)(2), to seek forfeiture of any

other property of the defendants up to the value of the forfeitable property described in this

forfeiture allegation.

(Title 18, United States Code, Sections 2323(b)(1) and 2323(b)(2); Title 21,

United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS TWO AND FOUR THROUGH SIX

34.    The United States hereby gives notice to the defendants charged in

Counts Two and Four through Six that, upon their conviction of such offenses, the

government will seek forfeiture in accordance with (a) Title 18, United States Code, Section

982(a)(2), which requires any person convicted of such offenses to forfeit any property

constituting, or derived from, proceeds obtained directly or indirectly as a result of such

offenses, including but not limited to the Forfeitable Real Property; and (b) Title 18, United

States Code, Section 545, which requires the forfeiture of any merchandise introduced into

the United States in violation of Title 18, United States Code, Section 545, or the value

thereof.

35.    If any of the above-described forfeitable property, as a result of any act

or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any

other property of the defendants up to the value of the forfeitable property described in this

forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2) and 982(b)(1); Title 21,

United States Code, Section 853(p))

## CRIMINAL FORFEITURE
## ALLEGATION AS TO COUNT THREE

36.    The United States hereby gives notice to the defendant charged in

Count Three that, upon her conviction of such offense, the government will seek forfeiture in

accordance with Title 18, United States Code, Section 982(a)(1), which requires any person

convicted of such offense to forfeit any property, real or personal, involved in such offense,

or any property traceable to such property, including but not limited to:

(a)    the real property and premises known as 323 49th Street,

Brooklyn, New York 11220, title to which is held in the name of the defendant JOSSTINA

LIN and/or her entity 323 Luo's Property, LLC, and all proceeds traceable thereto;

(b)    the real property and premises known as 1762 76th Street,

Brooklyn, New York 11214, title to which is held in the name of the defendant JOSSTINA

LIN and/or her entity 1762 Luo's Realty, LLC, and all proceeds traceable thereto; and

(c)     the real property and premises know as 521 45th Street,

Brooklyn, New York 11220, title to which is held in the name of the defendant JOSSTINA

LIN and/or her entity 521 Luo's Realty, LLC, and all proceeds traceable thereto.

37.     If any of the above-described forfeitable property, as a result of any act

or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

as incorporated by reference by Title 18, United States Code, Section 982(b)(1), to seek

21

forfeiture of any other property of the defendant up to the value of the forfeitable property

described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21,

United States Code, Section 853(p))


A TRUE BILL

_____
FOREPERSON


_____
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. # 2018R01099
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT
EASTERN *District of* NEW YORK
CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*QI FENG LIANG, also known as "Alex," "Qifeng," "Kevin," "Mike Sotire," "Jay Kim," "Peter Wong," "Kelvin Wong" and "Alex Wong," WO QI LIU, also known as "Louis," "Qi," "Woqi," "Gordon," "Jimmy" and "Big Elephant," ZHI MING ZHANG, also known as "Jordan," "Zhiming," "Ming," "Ken," "Four B" and "SiGe," JOSSTINA LIN, also known as "Cui Xia" and "Tina" and XUE WEI QU, also known as "Xue Wei Jiang,"*

Defendants.

## INDICTMENT

(T. 18, U.S.C., §§ 371, 545, 982(a)(1), 982(a)(2), 982(b)(1), 1956(a)(1)(B)(i), 1956(h), 2320(a), 2320(a)(1), 2320(b)(1)(A), 2323(b)(1), 2323(b)(2), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p))

*A true bill.*

_____

*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 2018*

_____

*Clerk*

*Bail, $* _____

**William P. Campos, Temidayo Aganga-Williams, Assistant U.S. Attorneys, Robert Kaftal, Special Assistant U.S. Attorney and James Yoon, U.S. DOJ Trial Attorney**